IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
WANDA DENSEL,                   )
                                )
    Plaintiff,                  )
                                )   CIVIL ACTION NO.
    v.                          )    3:13cv756-MHT
                                )        (WO)
FIDELITY LIFE ASSOCIATION,      )
                                )
    Defendant.                  )
```

OPINION AND ORDER

Plaintiff Wanda Densel brought this lawsuit in state court, alleging breach of contract and bad faith. She claims that defendant Fidelity Life Association refused to honor the provisions of her husband's life insurance policy. Fidelity Life then removed this case to federal court, asserting jurisdiction pursuant to 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal). The court, however, is concerned that this action may not satisfy the requirements of diversity jurisdiction.

For purposes of removal pursuant to diversity-of-citizenship jurisdiction, a removing defendant has the

burden of showing (1) that the citizenship of each plaintiff is different from that of each defendant and (2) that no defendant is a citizen of the forum state. 28 U.S.C. §§ 1332, 1441(b)(2); see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84, 89 (2005) ("Since Strawbridge v. Curtiss, 3 Cranch 267 (1806), we have read the statutory formulation 'between ... citizens of different States' to require complete diversity between all plaintiffs and all defendants."). Fidelity Life's notice of removal is deficient in both respects.

First, the removal notice indicates that Fidelity Life is a corporation organized under the laws of the State of Alabama, with its principal place of business in Illinois.  "[A] corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business."  28 U.S.C. § 1332(c)(1) (emphasis added).  Therefore, in addition to being a citizen of Illinois, it appears that Fidelity Life, like

2

Densel, is a citizen of Alabama, with the result that complete diversity is absent.

Second, by statute, a civil action may not be removed on diversity-of-citizenship grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This action was originally brought in an Alabama court and therefore a citizen of Alabama, like Fidelity Life, cannot remove it to federal court on diversity-of-citizenship grounds.

\*\*\*

For the above reasons, it is ORDERED that the parties show cause, if any there be, in writing by November 1, 2013, as to why this case should not be remanded to state court for want of subject-matter jurisdiction.

DONE, this the 18th day of October, 2013.

                                   /s/ Myron H. Thompson
                             UNITED STATES DISTRICT JUDGE